### *Garrit Abeel* v. *Wolcott, who is impleaded with Van Norden.*

VAN VECHTEN, on behalf of the plaintiff, moved that the writ of inquiry, and proceedings stated in the affidavit on which he applied, should be set aside, and a writ of inquiry issue *de novo.* The affidavit set forth, that by an agreement in writing entered into between the attornies of the parties, it was stipulated that on the execution of the writ of inquiry, every defence which could have been made, had a trial taken place, should be availed of; that both sides should have the same liberty of excepting to the admissibility of evidence, reduce their objections to writing and make a case in the same manner as if the cause had been heard at the circuit. That the evidence of each party having been gone through and closed, the attorney for the plaintiff went home, after which the jury called in the defendant *Wolcott's* attorney, and asked him if a verdict should go against *Wolcott,* whether he could recover his proportion against *Van Norden?* and whether, if it should be against the plaintiff, he could carry it before the supreme court? To the first of which questions, *Wolcott's* attorney

Aug. Term,
1803.

answered no; and to the latter, yes; in consequence of which a verdict was rendered against the plaintiff, but the writ has never been returned, but has been handed to the plaintiff's attorney, without any inquisition annexed.

*Per Curiam.* The application is to set aside a writ of inquiry, when there is none before the court. There is no return, no inquisition, and nothing to set aside. There was a written agreement, which does not appear to have been complied with. The plaintiff is in possession of his own writ of inquiry, and we see no objection to his issuing a new one, for as the writ is not before us, we cannot grant him the effect of his motion as to setting it aside.